IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCUS PINKNEY,

    **Plaintiff,**

    v.

TBC CORPORATION, et al.,

    **Defendants.**

Case No. 2:19-cv-02680-HLT

**MEMORANDUM AND ORDER**

On March 31, 2020, the Court issued a Memorandum and Order granting in part and denying in part Defendants National Tire and Battery ("NTB") and TBC Corporation's motion to dismiss.[1] Doc. 23. Before the Court is Plaintiff's motion to reconsider. Doc. 25. He asks the Court to reconsider its dismissal of his Missouri Merchandising Practices Act ("MMPA") claim (Count V). The Court dismissed Count V without prejudice because Plaintiff failed to allege that any unfair or deceptive act or practice occurred in or originated from Missouri. For reasons stated below, the Court finds that Plaintiff has not presented any valid grounds for reconsidering its dismissal of Count V and denies Plaintiff's motion.

**I.      BACKGROUND**

The factual background underlying the parties' dispute is set forth in detail in the Court's order on Defendants' motion to dismiss and is not repeated at length herein. In sum, this case stems

---

[1] Specifically, the Court dismissed without prejudice Plaintiff's claims against TBC. As to NTB, the Court dismissed without prejudice the express warranty provisions of Count I and the entirety of Counts V, VI, and IX. Plaintiff withdrew Counts VII and VIII. Plaintiff's surviving claims against NTB include the implied warranty portions of Count I and the entirety of Counts II, III, and IV. The Court also granted Plaintiff's Motion to Strike or, in the Alternative, for Leave to File Sur-Reply (Doc. 16) and deemed Plaintiff's proposed sur-reply to be filed and to be part of the record in this case.

from Plaintiff's tire purchases from an NTB store in Overland Park, Kansas. Believing the tires to be under warranty, Plaintiff attempted to replace the tires at an NTB store in Missouri. The manager of the Missouri store informed Plaintiff that, because the Tire Identification Numbers ("TINs") on the tires did not match the TINs on the purchase invoices, the store would not honor the written warranty. Because Plaintiff was traveling at the time, he had to purchase new tires from NTB in Missouri. He later discovered that NTB in Kansas had not only listed inaccurate TINs on his invoices but had also sold him tires that did not have the speed and load rating necessary for his uses and needs.

Based on this incident, Plaintiff alleged nine causes of action against Defendants: (1) violation of the Magnuson-Moss Warranty Act ("MMWA"), (2) breach of the implied warranty of merchantability, (3) breach of the implied warranty of fitness for a particular purpose, (4) violations of the Kansas Consumer Protection Act ("KCPA"), (5) violations of the MMPA, (6) unjust enrichment, (7) negligence/res ipsa loquitur, (8) negligence per se, and (9) injunctive relief. Defendants subsequently moved to dismiss Plaintiff's claims. On March 31, 2020, the Court entered an order granting in part Defendants' motion to dismiss. Doc. 23. Plaintiff now asks the Court to reconsider part of that order—specifically, the Court's dismissal of Count V for failure to state a claim under the MMPA.

## II.     STANDARD

Although the Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration, Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." FED. R. CIV. P. 54(b); *see also Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023 (10th Cir. 2018) (citing Rule 54(b) and holding that

although the Federal Rules of Civil Procedure do not recognize motions to reconsider, a district court has inherent power to review its rulings). In reviewing such an order, courts may look to the standard used to review a motion to alter or amend a judgment under Rule 59(e) as guidance. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). In addition, District of Kansas Rule 7.3 requires motions seeking reconsideration of dispositive orders or judgments to be brought pursuant to Rule 59(e) or 60.[2] D. KAN. R. 7.3(a); *see also Progressive Nw. Ins. Co. v. Gant*, 2018 WL 4600716, at *8 (D. Kan. 2018), *aff'd*, 957 F.3d 1144 (10th Cir. 2020).

Grounds warranting relief under Rule 59(e) include: (1) an intervening change in controlling law, (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence, and (3) the need to correct clear error or prevent manifest injustice. *Brinkman v. Norwood*, 2018 WL 1806758, at *1 (D. Kan. 2018); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. But it is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Nor is it "a second chance for the

---

[2]  In his motion, Plaintiff states that "[w]hile the Motion to Dismiss is a dispositive motion, it did not yield a Final Order or Judgment, and therefore neither Fed. R. Civ. P. 59(e) nor 60 apply." Doc. 25 at 1 n.2. Plaintiff states that "out of an abundance of caution," he brings this motion to reconsider pursuant to Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), Rule 60(b)(6) (any other reason that justifies relief), and/or D. Kan. R. 7.3(b)(3) (for non-dispositive orders, the need to correct clear error or manifest injustice). *Id.*

Plaintiff is correct that neither Rule 59 nor Rule 60 expressly governs his motion. But the Court may reconsider its order on Defendants' motion to dismiss. In doing so, the Court will use the Rule 59(e) standards as guidance. *Compare Ankeney*, 524 F. App'x at 458 (court may use Rule 59(e) standard as guidance when reviewing a motion for reconsideration) *with Spring Creek*, 887 F.3d at 1023 (in reviewing a motion for reconsideration, the court is not bound by the strict standards of Rule 59(e)); *see also Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) ("No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment."); *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002) (explaining that the Federal Rules of Civil Procedure do not recognize a motion for reconsideration and that the court may construe such a motion as either one under Rule 59(e) or Rule 60(b), depending on when it was filed).

losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

**III.   ANALYSIS**

Plaintiff asserts that reconsideration is warranted under the third ground for relief: the need to correct clear error or prevent manifest injustice. Specifically, he argues that the Court erred in dismissing Count V for failure to state a claim under the MMPA. In its order, the Court held that the MMPA does not cover allegedly deceptive conduct occurring in and originating from Kansas, and that Plaintiff did not state an MMPA claim because the acts of commerce that he grieves did not occur in or originate from Missouri. Doc. 23 at 11. Plaintiff argues that the MMPA only requires that a sale originated or occurred in Missouri—not that an unlawful practice occurred in Missouri—and that his purchase of tires from the Missouri NTB store satisfies this requirement. *See* Doc. 25 at 2; Doc. 29 at 3.

The Court disagrees with Plaintiff and finds that reconsideration of its dismissal of Count V is not appropriate because Plaintiff is rehashing arguments already raised and rejected. In any event, even if the Court was inclined to reconsider the merits of its decision, its analysis and dismissal of Plaintiff's MMPA claim was correct. The cases Plaintiff cites in his motion do not demonstrate otherwise.

First, the Court based its holding on the text of the statute, which states in pertinent part that:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice . . . Any act, use or employment declared unlawful by this subsection violates this subsection whether

4

>committed before, during or after the sale, advertisement or solicitation.

Mo. Rev. Stat. § 407.020.1. By its plain language, the MMPA applies to unlawful practices in connection with a sale or advertisement of any merchandise <u>in or from Missouri</u>. In other words, the unlawful practice must be tied to a sale or advertisement in Missouri. Plaintiff admitted this in his complaint. *See* Doc. 1 ¶ 105 ("The Missouri Merchandising Practices Act . . . prohibits the unfair and deceptive acts and practices in the sale of goods and services in Missouri."). In his motion, however, Plaintiff contends that the unfair or deceptive acts that occurred in Kansas are "in connection with" his second purchase of tires in Missouri because if NTB hadn't committed those unfair acts when he purchased tires in Kansas, he wouldn't have had to buy replacement tires in Missouri. The mere fact that Plaintiff decided to purchase more tires in Missouri is not enough to bring his Kansas-focused complaint within the purview of the MMPA.[3] Although broad, the MMPA does not apply to unfair or deceptive acts that occurred in Kansas and in connection with a sale of tires in Kansas.

Second, the Court's reading of the MMPA is consistent with other courts that have addressed this issue. For example, in *Maberry v. Said*, the plaintiff sued a Kansas bank for issuing a false and fraudulent credit report from Kansas to a credit bureau of unknown state citizenship. 911 F. Supp. 1393 (D. Kan. 1995). In determining that the MMPA did not cover the plaintiff's claim, the court stated: "Such behavior does not fall within the [MMPA's] stated scope. The court's research has revealed no case imposing liability under [the MMPA] where the allegedly deceptive conduct occurred outside Missouri." *Id.* at 1403.

---

[3] To the extent Plaintiff could try to argue that there is a deceptive act or practice tied to the sale of tires in Missouri based on the denial of the express warranty, his claim would still fail. As the Court explained in its initial order (Doc. 23), Plaintiff fails to allege a breach of express warranty claim. Thus, Plaintiff could not allege an MMPA claim based on denial of the express warranty when he has not even sufficiently alleged a breach of express warranty claim. *See* Doc. 23 at 7-9 and 12 n.10.

Similarly, in *Perras v. H&R Block*, the Eighth Circuit held that the MMPA did not apply when there were "no ties between the allegedly fraudulent transactions and Missouri." 789 F.3d 914, 918 (8th Cir. 2015). In that case, the plaintiff brought a class action against H&R Block under the MMPA based on an allegedly deceptive fee. *Id.* at 915. Although H&R Block was headquartered in Missouri and created the deceptive fee in Missouri, the Eighth Circuit determined that the MMPA did not apply because "the acts of commerce that [the plaintiff] grieves did not occur in, or originate from, the State of Missouri." *Id.* at 918. The court held that the allegedly fraudulent transactions for which the class action sought relief occurred in each class member's home state, and they could therefore seek relief under their respective state consumer protection statutes. *Id.*

Here, the gravamen of Plaintiff's complaint seeks relief for allegedly unfair or deceptive acts related to tire purchases in Kansas and, as in *Perras*, Plaintiff has not alleged a sufficient tie between those transactions and the purchase in Missouri. Plaintiff's attempt to rely on a separate transaction that did not involve unlawful practices (i.e, the tire purchase in Missouri) is not sufficient. *See Hale v. Emerson Elec. Co.*, 942 F.3d 401, 403 (8th Cir. 2019) (citing *Perras*, 789 F.3d at 917-18) ("We have explained that although the MMPA covers every kind of unfair practice, a plaintiff's claim nevertheless must involve commerce 'in or from the state of Missouri.'"); *see also Anderson v. Bass Pro Outdoor World, LLC*, 355 F. Supp. 3d 830, 836 (W.D. Mo. 2018) (finding that plaintiffs did not state an MMPA claim when they did "not allege a sufficient connection between their transactions and the alleged MMPA violation" and had reasons for the purchase that were independent of the MMPA violation).

The cases Plaintiff cites in his motion do not demonstrate that the Court erred in dismissing Count V. He primarily relies on *State ex rel. Nixon v. Estes*, but that case supports the Court's

6

reasoning. In *Estes*, the plaintiff operated a fraudulent business in Missouri and admitted that he willfully engaged in deceptive practices in violation of the MMPA. 108 S.W.3d 795 (Mo. App. 2003). Based on the MMPA's definition of trade or commerce, however, the plaintiff argued that the MMPA did not protect his non-Missouri victims and that he should not have to pay restitution to the state for them.[4] *Id.* at 799. The Missouri Court of Appeals rejected this argument and stated:

> As we read the statute, if a deceptive act is used or employed "in connection with the sale or advertisement of any merchandise in trade or commerce . . . <u>in or from the state of Missouri</u>," it is unlawful under section 407.020.1. Accordingly, it is not so much the definition of "trade or commerce" which ultimately establishes the reach of section 407.020.1 as it is its requirement that the trade or commerce originate or occur "in or from the state of Missouri."

*Id.* at 800 (emphasis in original). Because the plaintiff operated his fraudulent business in Missouri and had numerous ties to the state, it was "beyond cavil that the merchandise [he] deceptively advertised and sold was 'in trade or commerce . . . in or from the state of Missouri.'" *Id.* at 800-01. Plainly, *Estes* involved unlawful conduct that was committed in Missouri; it does not support Plaintiff's assertion that he stated an MMPA claim based on the Missouri tire purchase. In fact, *Estes* suggests that the MMPA does not cover unlawful conduct committed outside of Missouri: "Though we do not decide the issue, it would seem that the limiting clause 'in or from the state of Missouri' would provide the required local nexus to prevent section 407.020.1 from being applied on a wholly extraterritorial basis." *Id.* at 801 n.11 (citing *Maberry*, 911 F. Supp. at 1403-04).

Plaintiff also cites *Conway v. CitiMortgage, Inc.*, *Watson v. Wells Fargo Home Mortgage, Inc.*, and *Schuchmann v. Air Services Heating & Air Conditioning, Inc.*, for the proposition that

---

[4] In relevant part, the MMPA states: "The terms 'trade' and 'commerce' include any trade or commerce directly or indirectly affecting the people of this state." Mo. Rev. Stat. § 407.010(7).

any unfair practice is actionable under the MMPA if it has a relationship to a sale in Missouri. Doc. 25 at 3-5; Doc. 29 at 5-6. But these cases are inapposite because none of them involved application of the MMPA to deceptive conduct that occurred outside of Missouri and in connection with purchases made outside of Missouri.[5] And as noted, in Count V, Plaintiff did not allege any unfair or deceptive practice in connection with his purchase of tires in Missouri. *See supra* note 3.

Finally, the Court notes that Plaintiff's motion for reconsideration is an apparent attempt to get a second bite at the apple. He largely recycles arguments that the Court rejected in ruling on Defendants' motion to dismiss, and he does not cite any new case law. "Rule 59(e) does not permit a losing party to rehash or restate arguments previously addressed." *Brinkman*, 2018 WL 1806758, at *1; *see also Servants of the Paraclete*, 204 F.3d at 1012 (noting that "[i]t is not appropriate to revisit issues already addressed" in a Rule 59(e) motion). Plaintiff may not use a motion for reconsideration as a second chance to argue his claim. *See Voelkel*, 846 F. Supp. at 1483.

For these reasons, the Court finds that Plaintiff has not established that the Court's dismissal was in error. The Court must therefore deny his motion for reconsideration.

---

[5] In *Conway*, the Missouri Supreme Court held that even though the loan collectors were not original parties to the loan sale, homeowners could bring an MMPA claim against the loan collectors because the loan collection practices were "in connection with" the loan sale. 438 S.W.3d 410, 416 (Mo. 2014). The court stated that the right to collect a loan is part of a loan sale and is therefore "in connection with" the loan. *Id.* at 415. Similarly, in *Watson*, the Missouri Supreme Court held that wrongful foreclosure claims were "in connection with" with the sale of a loan within the meaning of the MMPA. 438 S.W.3d 404, 407-08 (Mo. 2014). It further held, however, that loan modification negotiations were not "in connection with" the sale of a loan because they were "not a service the lender agreed to sell or the borrower agreed to buy when the parties agreed to the loan." *Id.* at 408. Finally, in *Schuchmann*, the Missouri Court of Appeals held that failure to honor a warranty was an unfair practice "in connection with" the sale of an air conditioner under the MMPA. 199 S.W.3d 228, 233-34 (Mo. App. 2006). Whether the MMPA would apply to an unfair practice or sale that occurred outside of Missouri was not at issue. *Id.*

## IV.   CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's Motion for Reconsideration (Doc. 25) is DENIED.

IT IS SO ORDERED.

Dated: May 27, 2020				/s/ *Holly L. Teeter*
						HOLLY L. TEETER
						UNITED STATES DISTRICT JUDGE